IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                   Criminal Action: 5:06-cr-51

EUGENE J. TALIK, JR.,

        Defendant.

## ORDER DENYING UNITED STATES' MOTION FOR NOT SETTING TRIAL DATE AT ARRAIGNMENT

### I. Introduction

Defendant, Eugene J. Talik, Jr., is charged in one count that is death penalty eligible. The government has not yet decided whether to seek the death penalty. This Court previously scheduled an arraignment for December 21, 2006. That same day, the government filed a motion asking the Court not to schedule a trial at arraignment. The government stated a concern that if the trial was scheduled, it may not be able to seek more time to consider whether to seek the death penalty. The government cited the Fourth Circuit's decision in United States v. Ferebe, 332 F.3d 722 (4th Cir. 2003) as the source of its concern. The government asked the Court not to set a trial date to allow it to deliberate regarding the death penalty. It noted the Ninth Circuit held a continuance for this reason permissible in United States v. Murillo, 288 F.3d 1126 (9th Cir. 2002). The government stated the Attorney General needed until January 30, 2007, to consider fully the issue. At the scheduled arraignment, the Court expressed concern about how the government's motion related to the Speedy Trial Act, 18 U.S.C. § 3161, et seq. The Court declined to rule on the motion at that time.

II.  Discussion

The Speedy Trial Act requires a criminal defendant to be brought to trial within seventy days of his indictment or initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1). The statute grants the defendant a right to a speedy trial "as a matter of law."  United States v. Rivera, 427 F. Supp. 89, 91 (S.D.N.Y. 1977).  If the trial does not begin within this time period, "the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice."  Zedner v. United States, __ U.S. __, 126 S.Ct. 1976, 1984, 164 L.Ed.2d 749, 762 (2006).

Although the Speedy Trial Act contains this time limitation, it also includes provisions allowing the Court to grant continuances tolling the statute.  The statute states that certain enumerated "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence."  18 U.S.C. § 3161(h).  One of those enumerated provisions permits a continuance on the government's motion where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  The Court must explicitly make a finding that the continuance serves "the ends of justice."  Id.

Two circuits have held that permitting the government time to consider whether to seek the death penalty presents a valid reason to grant an ends of justice continuance.  Murillo, 288 F.3d at 1133; United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996).  The Murillo court held that "the death penalty consideration process is a valid reason to grant an ends of justice continuance."  Murillo, 288 F.3d at 1133.  In both Murillo and Mathis, the Court set an initial trial date before granting a continuance.  Murillo, 288 F.3d at 1130; Mathis, 96 F.3d at 1579.

In asking that a trial date not be set based upon an ends of justice argument, the government overlooks that there must be a trial set and a motion to continue. The statute specifically states that ends of justice continuances stay the period "from which the trial of any such offense must commence." 18 U.S.C. § 3161(h). To grant a continuance, there must be a trial to continue. The district courts in Murillo and Mathis both scheduled trials before granting the government a continuance. Murillo, 288 F.3d at 1130; Mathis, 96 F.3d at 1579. Nothing in Ferebe suggests the court should delay scheduling an initial trial date. The government has not presented any case law holding the Court may grant an ends of justice continuance before scheduling the trial. Furthermore, the Court has found no cases addressing the situation at issue here upon its own research. The Court believes that if the government wishes to obtain an ends of justice continuance to have more time to consider whether to seek the death penalty, it should make such a motion after the trial is scheduled. Therefore, the government's Motion for not Setting Trial Date at Arraignment is DENIED.

### III. Conclusion

For the foregoing reasons, the United States' Motion for not Setting Trial Date at Arraignment is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED: December 28, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATED MAGISTRATE JUDGE