IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                         Criminal Action No. 5:06CR51
                                         (STAMP)
EUGENE J. TALIK, JR.

       Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, ESTABLISHING DEADLINE FOR FILING OF BILL OF PARTICULARS BY GOVERNMENT, AND DEFERRING RULING ON PRESENTATION OF VICTIM IMPACT EVIDENCE

### I. Background

The defendant, Eugene J. Talik, Jr., has been named in a three-count indictment charging him with certain offenses in connection with the death of Kelly Jo Elliot. As to Count Three of the indictment, in which it is alleged that the defendant used interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. §§ 2, 1958 and Pinkerton v. United States, 328 U.S. 640 (1946), the United States has elected to seek the death penalty. (Notice of Intent to Seek Death Penalty, Doc. No. 33.) In response, the defendant, by counsel, filed a motion to declare the Federal Death Penalty Act ("FDPA") unconstitutional, to dismiss the "special findings" from the indictment, to strike the notice of intent to seek the death penalty, to strike the aggravating factors and to request an evidentiary hearing on the sufficiency of the statutory and nonstatutory aggravating factors alleged by the government. In his motion, the defendant moves this

Court to preclude the death penalty and to dismiss the government's notice of intent to seek the death penalty. The United States filed a response in opposition to the defendant's motion. The defendant did not reply. Pursuant to his authority under 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Seibert considered the defendant's motion and the response thereto and submitted a report containing recommendations for disposition of the motion.[1] Magistrate Judge Seibert recommended that the defendant's motion to declare the Federal Death Penalty Act unconstitutional, to strike the "special findings" from the indictment, and to dismiss the notice of intent to seek the death penalty be denied and that the defendant's motion for an evidentiary hearing on the issues raised in those motions be denied as moot. Magistrate Judge Seibert also recommended that the government be directed to provide a bill of particulars regarding the facts underlying the statutory and nonstatutory aggravating factors listed in the notice of intent to seek the death penalty. The magistrate judge informed the parties that if they objected to

---

[1]Although this Court did not enter an official order referring the defendant's motion to the magistrate judge for report and recommendation, neither party has objected to the referral. Accordingly, the undersigned enters an order of reference nunc pro tunc. Pursuant to 28 U.S.C. § 636(b)(1)(B), the defendant's motion to declare the Federal Death Penalty Act unconstitutional, to dismiss the "special findings" from the indictment, to strike the notice of intent to seek the death penalty, to strike the aggravating factors and to request and evidentiary hearing on the sufficiency of the statutory and nonstatutory aggravating factors alleged by the government is hereby referred nunc pro tunc to United States Magistrate Judge James E. Seibert for report and recommendation.

any portion of the report, they must file written objections within ten days after being served with copies of the report. The defendant filed timely objections.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). The defendant's objections to the magistrate judge's report and recommendation in this case are largely a verbatim re-recitation of the arguments made in his motion. Nonetheless, because the defendant has filed objections, this Court will undertake a _de novo_ review.

## III.  Discussion

A.  Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional

### 1.  The FDPA Does Not Violate the Eighth Amendment

The defendant contends in his motion and in his objections, that the FDPA violates the Eighth Amendment to the United States Constitution because (1) it fails to constitutionally narrow the class of persons eligible for the death penalty, (2) it fails to provide for proportionality review, and (3) it permits imposition of the death penalty, which is cruel and unusual in all

circumstances. Magistrate Judge Seibert found that the defendant's arguments are foreclosed by case law and this Court agrees.

First, the defendant contends that the mental states listed at 18 U.S.C. § 3591 (a)(2) and the aggravating factors listed at 18 U.S.C. § 3592(c) fail to sufficiently distinguish the class of persons eligible for the death penalty from the broader category of persons convicted of crimes involving intentional killings. This argument is without merit. Both the mental states and the aggravating circumstances provided for in the FDPA do genuinely narrow the class of persons eligible for the death penalty. <u>See</u> <u>Zant v. Stephens</u>, 462 U.S. 862, 876 (1983)(to be constitutionally sound, "an aggravating circumstance must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder."). As noted by the magistrate judge, multiple courts have upheld the constitutionality of these and similar mental intent factors in the FDPA and other death penalty statutes. <u>See</u> <u>United States v. Tipton</u>, 90 F.3d 861, 897-99 (4th Cir. 1996)(the mental state factors in the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(e)-(r), which are nearly identical to the ones in the FDPA, adequately guide and channel sentencing discretion in imposing the death penalty); <u>United States v. Nguyen</u>, 928 F. Supp. 1525, 1539 (D. Kan. 1996)(the mental state factors in the FDPA serve a narrowing function); <u>United States v. Cooper</u>, 91 F. Supp. 2d  90, 97 (D.D.C. 2000)(the mental state

factors in the FDPA sufficiently narrow the class of persons eligible for the death penalty).

Additionally, the FDPA's statutory aggravating factors, and in particular the aggravating factors alleged by the government in its notice of intent to seek the death penalty in this case, are neither overbroad nor unconstitutionally vague. The government alleges two aggravating factors are present in this case: (1) the defendant committed the offense after substantial planning and premeditation to cause the death of a person, § 3592(c)(9), and (2) the defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value, § 3592(c)(7). Each of these factors sufficiently channels the jury's discretion in assessing eligibility for the death penalty. See Tipton, 90 F.3d at 896 (the phrase "substantial planning and premeditation" is not unconstitutionally vague, rather it "conveys with adequate precision a commonly understood meaning of 'considerable,' or 'more than merely adequate,' thereby . . . channel[ing] the jury's discretion in assessing eligibility for the death penalty."); United States v. Edelin, 134 F. Supp. 2d 59, 80-81 (D.D.C. 2001)("procurement of payment" aggravating factor is not unconstitutionally vague because it provides principled guidance to the sentencing jury).

Second, the defendant asserts that the FDPA violates the Eighth Amendment because it does not provide for proportionality review. Contrary to the defendant's assertion, it is settled that

while proportionality review is a "useful safeguard against arbitrary imposition of the death penalty," it is not required. Pully v. Harris, 465 U.S. 37, 44-45 (1984)(the Eighth Amendment does not require proportionality review in every case in which the death penalty is imposed).

Finally, the defendant argues that the death penalty violates the Eighth Amendment in all circumstances. However, this argument, as the defense acknowledges, is currently foreclosed by United States Supreme Court precedent. See Gregg v. Georgia, 428 U.S. 153, 187 (1976); McClesky v. Kemp, 481 U.S. 279, 301-2 (1987).

2. The FDPA Does Not Violate the Sixth Amendment

The defendant argues that the FDPA violates the Sixth Amendment because, at the selection phase[2] of a capital trial, it does not require the jury to find beyond a reasonable doubt that the aggravating factors outweigh the mitigating factors before

---

[2]If the jury finds that a defendant is guilty beyond a reasonable doubt of a crime for which the government has filed a notice of intent to seek the death penalty, the jury then proceeds into the penalty phase of the trial. The penalty phase consists of two parts -- (1) an "eligibility" phase and (2) a "selection" or "sentencing" phase. During the eligibility phase, the jury must determine whether the defendant is eligible for the death penalty. That is, the jury must determine, unanimously and beyond a reasonable doubt, that the defendant committed the crime with one of the mental states set forth in 18 U.S.C. § 3591(a)(2) and that at least one of the aggravating factors set forth in 18 U.S.C. § 3592(c) is present. Only if the jury determines that the defendant is death-eligible will the case then proceed to the selection phase where the jury must weigh aggravating and mitigating factors and "select" a sentence, i.e., recommend whether the defendant should be sentenced to death, to life imprisonment, or some other lesser sentence. See 18 U.S.C. § 3593.

recommending a sentence of death. The defendant relies on the Jones-Apprendi-Ring trilogy of Supreme Court cases to support this contention. See Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000); Ring v. Arizona, 536 U.S. 584 (2002).

The Jones-Apprendi-Ring trilogy establishes that capital defendants are entitled to a jury determination beyond a reasonable doubt of any fact that would increase the maximum punishment to which they are subject. In other words, aggravating factors in a capital case must be found by the jury beyond a reasonable doubt during the eligibility phase, because a defendant's increased sentence -- from the statutory maximum prison term to a death sentence -- is conditioned on the jury's finding of these factors. See United States v. Higgs, 353 F.3d 281, 298 (4th Cir. 2003) (holding "with the exception of the fact of prior convictions, those intent and aggravating factors which the government intends to rely upon to render a defendant death-eligible under the FDPA are the functional equivalents of elements of the capital offenses and must be charged in the indictment, submitted to the petit jury, and proved beyond a reasonable doubt"). The trilogy does not require that a jury make a finding beyond a reasonable doubt in the selection phase of a capital trial that the aggravating factors outweigh the mitigating factors. This is because if the jury has proceeded to the selection phase, the defendant has already been

deemed death-eligible based on the jury's unanimous findings beyond a reasonable doubt during the eligibility phase.

The jury's consideration of whether the aggravating factors outweigh the mitigating factors is not a determination that could increase the maximum sentence for which the defendant is eligible. That is, if the jury has determined beyond a reasonable doubt that the defendant is death-eligible, no greater sentence than death can result from a weighing of the aggravating and mitigating factors. See United States v. Gooch, 2006 WL 3780781 at *5-8 (D.D.C. Dec. 20, 2006)("the jury's weighing of aggravating and mitigating circumstances pursuant to 18 U.S.C. § 3593(e) does not constitute a factual finding that elevates the penalty beyond the statutory maximum sentence and, thus, is not subject to the reasonable doubt standard"); United States v. Diaz, 2007 WL 656831, at *4 (N.D. Cal. Feb. 28, 2007)("where the weighing determination is only an issue of sentence selection rather than eligibility for a particular sentence, it need not be found beyond a reasonable doubt"); United States v. Natson, 444 F. Supp. 2d 1296, 1304 (M.D. Ga. 2006)(absence of express requirement that jury find beyond reasonable doubt that aggravating factors outweigh mitigating ones before recommending death sentence does not render the FDPA unconstitutional under Apprendi). This Court agrees with the conclusion of the magistrate judge that the FDPA is not made unconstitutional by the fact that it fails to impose a beyond a reasonable doubt standard on the jury's consideration of whether

the aggravating factors outweigh the mitigating factors sufficiently to justify a sentence of death.

3. <u>The FDPA's Evidentiary Standard Does not Violate the Constitution</u>

The defendant contends that the FDPA is unconstitutional because it permits the government to introduce evidence at the penalty phase of a capital trial that is relevant to an aggravating factor but would otherwise be excludable under the Federal Rules of Evidence ("FRE"). As noted by the magistrate judge, this argument erroneously assumes that the FRE and the defendant's constitutional rights are coextensive. The FRE "do not set forth the constitutional parameters of admissible evidence, nor does a criminal defendant have a constitutional right to have the FRE in place." <u>United States v. Fell</u>, 360 F.3d 135, 144 (2d Cir. 2004); <u>see also</u> <u>United States v. Fulks</u>, 454 F.3d 410, 438 (4th Cir. 2006). The FDPA provides the defendant with "constitutionally sufficient evidentiary protections," because it is the role of the district court to ensure that unconstitutional evidence is excluded. <u>Fell</u>, 360 F.3d at 145 (the FDPA does not eliminate the trial judge's function as a gatekeeper of constitutionally permissible evidence); <u>see also</u> <u>Fulks</u>, 454 F.3d at 438 (trial judges may be relied on to "exclude evidence that transgresses a defendant's constitutional rights"). Accordingly, the FDPA's evidentiary standards as set forth in 18 U.S.C. § 3593(c) withstand constitutional scrutiny.

4. __The FDPA Does Not Fail to Provide for Meaningful__
__Appellate Review__

The defendant argues that the FDPA is unconstitutional because it fails to provide for mandatory, automatic appellate review -- a protection the defendant alleges is necessary to prevent arbitrary and capricious death sentences. The FDPA provides that a death sentence is subject to appellate review upon the filing of a notice of appeal by the defendant within a specified period of time. The magistrate judge correctly noted that, while the Supreme Court requires meaningful appellate review in death penalty cases, see Parker v. Dugger, 498 U.S. 308, 321 (1991), and has characterized an automatic appeal provision as an "important additional safeguard," Gregg v. Georgia, 428 U.S. 153, 198 (1976), the Court has never held that an automatic appeal provision is constitutionally required. See United States v. Cooper, 91 F. Supp. 2d 90, 99 (D.D.C. 2000); United States v. Gooch, 2006 WL 3780781 at *28-34 (D.D.C. Dec. 20, 2006); United States v. Davis, 904 F. Supp. 554, 563 (E.D. La. 1995). This Court agrees with the conclusion of the magistrate judge that the appellate review provisions of the FDPA are constitutionally sufficient.

5.   The FDPA's Use of Nonstatutory Aggravating Factors Does Not Violate the Constitution

a.   The FDPA's Broad Allowance for Nonstatutory Aggravating Factors Does Not Violate the Eighth Amendment

The defendant argues that the portion of the FDPA that authorizes the government to allege extra or nonstatutory aggravating factors in support of imposition of the death penalty violates the Eighth Amendment's prohibition of cruel and unusual punishment.  Specifically, the defendant contends that the FDPA's allowance of the use of nonstatutory factors ignores the Supreme Court's instruction that a jury's decision regarding a death sentence must be guided by "carefully defined standards that must narrow a sentencer's discretion."  See McCleskey v. Kemp, 481 U.S. 279, 304 (1987).  This argument, however, is foreclosed by Fourth Circuit precedent.  In United States v. Higgs, 353 F.3d 281, 320 (4th Cir. 2003), the Court "reject[ed] the contention that the FDPA is unconstitutional because it allows the sentencing jury to weigh nonstatutory aggravating factors when deciding whether to impose the sentence of death upon a defendant convicted of a death-eligible offense."  Moreover, the Court noted that the use of nonstatutory aggravating factors serves "to individualize the sentencing determination."  Id. (citing Zant v. Stephens, 462 U.S. 862, 878-9 (1983)).

b.    The FDPA's Use of Nonstatutory Aggravating Factors
Does Not Violate the Separation of Powers and Non-Delegation
Doctrines

The defendant argues that the FDPA's authorization of the use of nonstatutory aggravating factors unconstitutionally delegates to the prosecution the legislative task of defining additional aggravating factors.   This argument is also foreclosed by Fourth Circuit precedent.   In Higgs, the Court rejected an identical challenge to the constitutionality of the FDPA in light of the separation of powers doctrine.   The Court concluded that the FDPA's authorization of nonstatutory aggravating factors is not an improper delegation by Congress because "the prosecutor's discretion with regard to defining what is a death-eligible offense is wholly circumscribed by the statute's requirement that the jury unanimously find at least one aggravating factor before the defendant becomes death eligible." Id. at 321.   Furthermore, the Court stated that even if the grant of discretion to prosecutors could be construed as a delegation of legislative function, "such delegation is constitutionally permissible." Id.

c.    The FDPA's Use of Nonstatutory Aggravating Factors
Does Not Violate the Ex Post Facto Clause

The defendant alleges that the FDPA, by allowing the government to define "nonstatutory aggravating factors," causes the "retroactive application of aggravating factors to crimes committed before those factors were identified" in violation of the Ex Post

Facto Clause of Article I of the Constitution. This argument is without merit. Nonstatutory aggravating factors "do not increase the possible punishment or alter the elements of the offense." <u>Higgs</u>, 353 F.3d at 322. Accordingly, the FDPA does not implicate the Ex Post Facto Clause.

6. <u>The FDPA Does Not Violate Defendant's Constitutional Right to Present Mitigating Evidence</u>

The defendant argues that the FDPA unconstitutionally limits his right to present mitigation evidence. First, the defendant contends that the statute improperly places qualitative thresholds on the use of certain mitigating factors. This Court disagrees. Although 18 U.S.C. § 3592(a) lists seven specific mitigating factors, some of which include a qualitative term, <u>e.g.</u>, "significantly impaired," "unusual and substantial duress," "significant prior history," "severe mental or emotional disturbance," the statute also provides that the enumerated factors are not exclusive and that <u>any</u> mitigating factor may be considered by the jury. <u>See</u> 18 U.S.C. § 3592(a)("In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider *any* mitigating factor, including [the enumerated factors]."); 18 U.S.C. § 3592(a)(8)("Other factors in the defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence.").

Second, the defendant argues that the FDPA unconstitutionally prevents the jury from considering potentially mitigating evidence relating to his race, color, religious beliefs, national origin or sex. This Court agrees with the well-supported conclusion of the magistrate judge that a defendant's race, religion, color, national origin or sex are irrelevant to sentencing and should not be considered by the jury, either as an aggravating or mitigating factor, at any point in the penalty phase. See Zant v. Stephens, 462 U.S. 862, 885 (1983)(factors such as race and religion are "constitutionally impermissible or totally irrelevant to the sentencing process"); United States v. Gooch, 2006 WL 3780781 at *14 (D.D.C. Dec. 20, 2006)(same); United States v. Cooper, 91 F. Supp. 2d  90, 101 (D.D.C. 2000)("in order to pass constitutional muster, the FDPA must be interpreted to prohibit consideration of protected factors such as race, color, religion, gender and national origin as either an aggravating or a mitigating factor during sentencing."). As noted by the magistrate judge, this does not, of course, preclude the jury from considering the "effects and experiences" of the otherwise impermissible factors. See Gooch, 2006 WL 3780781 at *14 (citing United States v. Webster, 162 F.3d 308, 356-57 (5th Cir. 1998)).

7.     The FDPA Does Not Violate the Constitution by Failing to
Provide the Jury with a Standard for Balancing Aggravating and
Mitigating Factors

The defendant argues that the FDPA's lack of guidance to the
jury on how to balance the aggravating and mitigating factors at
the selection phase is "constitutionally flawed."  Specifically,
the defendant argues that the statute's language fails to instruct
the jury to consider the quality, not merely the quantity, of the
aggravating and mitigating factors.  This argument is unavailing
for  two  reasons:  (1)  the  Supreme  Court  has  upheld  the
constitutionality of statutes like the FDPA which do not enunciate
specific standards for the weighing of such factors by the jury,
see Zant, 462 U.S. at 875; Tuilaepa v. California, 512 U.S. 967,
979 (1994), and (2) the defendant's argument on this point is
essentially the same as the one that this Court rejected above in
section A.2., i.e., that the jury must find beyond a reasonable
doubt that the aggravating factors outweigh the mitigating factors
before recommending a sentence of death.  This Court agrees with
the conclusion of the magistrate judge that the FDPA sufficiently
guides  the  jury  in  its  consideration  of  the  aggravating  and
mitigating factors.

8.     The FDPA Does Not Unconstitutionally Limit Defendant's
Opportunity to Rebut the Government's Argument

The  defendant  next  challenges  the  FDPA's  allocation  of
argument during the penalty phase.  Under 18 U.S.C. § 3593(c), the

order of argument during the penalty phase is as follows: the
government opens, the defendant then has the opportunity to reply,
and finally the government is permitted to rebut.  The defendant
contends that this method violates his constitutional rights to due
process of law, effective assistance of counsel, and to a reliable
sentencing determination because he is not given the opportunity to
rebut the government's final argument.  This argument is without
merit because the order of argument is consistent with the burden
of proof and with Federal Rule of Criminal Procedure 29.1.  <u>United
States v. Gooch</u>, 2006 WL 3780781 at *15 (D.D.C. Dec. 20, 2006).
Additionally, the order of argument does not violate the
defendant's constitutional rights because the FDPA provides
adequate statutory protections that "incline towards life, not
death," <u>e.g.</u>, the parties' respective burdens of proof and the
requirement that the jury unanimously agree to impose death.  <u>Id.</u>

    9.   <u>The FDPA Does Not Unconstitutionally Restrict Defendant's
Ability to Waive a Jury Trial During the Penalty Phase</u>

The defendant alleges that the FDPA unconstitutionally
deprives him of the right to choose whether the penalty phase of
his trial will be heard by a judge or a jury.  Title 18, United
States Code, Section 3593(b) provides that the penalty phase may be
heard "before the court alone, upon motion of the defendant and
with the approval of the attorney for the government;" otherwise,
the penalty phase will be heard by a jury.  This provision is
constitutional because although the defendant has a constitutional

right to a jury trial, he does not have a constitutional right to a bench trial. <u>Singer v. United States</u>, 380 U.S. 24 (1965)(a defendant does not have a constitutional right to waive a jury trial). The fact that the FDPA conditions the defendant's ability to waive his right to a jury trial on the consent of the prosecution does not create any constitutional infirmity. <u>Id.</u> at 34-36. Moreover, this Court agrees with the magistrate judge that the defendant has not identified any compelling reasons in this case that would require the penalty phase to be heard by a judge rather than a jury in order to ensure an impartial trial. Indeed, the defendant has not moved to have his penalty hearing conducted before the Court alone and the government has not taken any position in this regard.

10. <u>The FDPA's Remand Provision Does Not Violate the Double Jeopardy Clause</u>

The defendant contends that the remand provision of 18 U.S.C. § 3595(c)(2)(B) violates the Double Jeopardy Clause of the Fifth Amendment because it authorizes the reimposition of a death sentence after an appellate finding that the evidence does not support the existence of a required aggravating factor. Other courts that have addressed this argument have concluded that, although the statute is ambiguous as to what is required on remand, such ambiguity must be resolved in favor of constitutionality. <u>See</u> <u>United States v. Davis</u>, 904 F. Supp. 554, 562-63 (E.D. La. 1995); <u>United States v. Gooch</u>, 2006 WL 3780781 at *17 (D.D.C. Dec. 20,

2006).  Because the statute is phrased in the disjunctive and does not require the reconsideration and reimposition of a death sentence, the FDPA's remand provision can be applied constitutionally.  <u>See</u> 18 U.S.C. § 3595(c)(2)(B)("the court shall remand the case for reconsideration under section 3593 <u>or</u> imposition of a sentence other than death")(emphasis added). Accordingly, the defendant's objections are unsuccessful on this ground.

      11.  <u>The FDPA Does Not Violate the Indictment Clause</u>

      The defendant contends that the FDPA violates the Indictment Clause of the Fifth Amendment because it removes from the grand jury and gives to the attorney general the power to decide who is death penalty eligible.  The defendant cites no authority in support of this argument.  This Court agrees with that magistrate judge that the check on prosecutorial power in capital cases is preserved by the requirement that the grand jury find probable cause exists to warrant the special findings supporting the imposition of the death penalty.  <u>United States v. Haynes</u>, 269 F. Supp. 2d 970, 981 (W.D. Tenn. 2003).

B.  <u>Defendant's Motion to Dismiss the Government's Notice of Intent to Seek the Death Penalty</u>

      1.  <u>The "Special Findings" Need Not be Stricken from the Indictment</u>

      The defendant argues that the notice of intent to seek the death penalty should be dismissed and the special findings should

be stricken from the indictment because the grand jury was unaware that its special findings could result in the imposition of the death penalty in this case. Contrary to the defendant's argument, the indictment is not rendered unconstitutional by the fact that the grand jury may not have been informed it was indicting the defendant of a capital offense. "The grand jury's role is not to decide whether probable cause supports the imposition of a particular sentence against a charged individual; rather, the grand jury check on prosecutorial power stems from its independent factual determination of the existence of probable cause for the essential elements of the charged offense." United States v. Haynes, 269 F. Supp. 2d 970, 981 (W.D. Tenn. 2003); see also United States v. Lecco, 2007 WL 1074775, at *2-3 (S.D. W. Va. Apr. 5, 2007)(noting that "the Supreme Court has made clear that the Indictment Clause of the Fifth Amendment does not require the government to inform the grand jury of the potential penalties that might attach as a result of any special findings"). Thus, the defendant's argument on this point is unavailing.

    2.   The Indictment Did Not Violate the Fifth and Sixth Amendments

    Defendant alleges that the indictment violates his Fifth and Sixth Amendment rights to have all elements of the crime charged submitted to the grand jury for consideration. Specifically, the defendant contends that the question in 18 U.S.C. § 3593(e) regarding whether the aggravating factors outweigh the mitigating

factors is an element of the crime charged in Count Three of the indictment that the grand jury was required to consider. This argument is unavailing. The weighing consideration required by § 3593(e) is not an element of the crime; rather, the consideration bears only on the jury's decision to recommend or not recommend a death sentence. As this Court has already found in section A.2. above, the weighing process cannot result in an increase to the maximum sentence for which the defendant is eligible. Accordingly, the indictment was not required to contain a finding by the grand jury that the aggravating factors in this case sufficiently outweigh the mitigating ones.

3. <u>The Government Must Submit a Bill of Particulars Regarding the Aggravating Factors Listed in the Notice of Intent to Seek the Death Penalty</u>

The defendant argues that the government's notice of intent to seek the death penalty fails to provide constitutionally sufficient notice of the facts surrounding the alleged mental intent factor and the aggravating factors. The defendant also argues that the statutory aggravating factors listed in the notice should be stricken because they are vague and violate the Eighth Amendment,[3] and that the nonstatutory aggravating factors listed in the notice

---

[3]This Court addressed the constitutionality of the FDPA's statutory aggravating factors in section A.1. above and found them to be constitutional. Therefore, the question need not be readdressed here.

should be stricken because the FDPA does not limit the government's use of such factors.[4]

First, the defendant's argument as to the mental intent factor is without merit because the FDPA does not require such factor be alleged in the notice. See 18 U.S.C. § 3593(a); see also United States v. Gooch, 2006 WL 3780781 at *21 (D.D.C. Dec. 20, 2006)(only aggravating factors need be identified).

Second, the government is not required to provide specific evidence in its notice regarding the aggravating factors. See United States v. Wilson, 493 F. Supp. 2d 364, 377 (E.D.N.Y 2006); United States v. Battle, 173 F.3d 1343, 1347 (11th Cir. 1999); United States v. Nguyen, 928 F. Supp. 1525, 1545-46 (D. Kan. 1996). Nonetheless, "at a minimum, due process requires a defendant to receive sufficient notice of aggravating factors to enable him to respond and to prepare his case in rebuttal." United States v. Plaza, 179 F. Supp. 2d 464, 471 (E.D. Pa. 2001). Accordingly, this Court concurs with the magistrate judge's recommendation that the government submit a sufficiently detailed bill of particulars regarding the statutory and nonstatutory aggravating factors listed in the notice to ensure that the defendant is sufficiently apprised of the evidence against him.

---

[4]This Court addressed the constitutionality of the FDPA's provision for the use of nonstatutory aggravating factors in section A.5.a. above and found it to be constitutional. Therefore, the question need not be readdressed here.

4.   The Mental State Alleged in the Notice of Intent to Seek the Death Penalty is Proper

The defendant's heading suggests he challenges the government's use of multiple mental intent states in the notice. However, only one mental intent factor was alleged in the notice. Therefore, the constitutionality of alleging multiple mental states in a notice of intent to seek the death penalty need not be addressed here.

5.   The Government Must Submit a Bill of Particulars Regarding the Victim Impact Evidence Listed in the Notice of Intent to Seek the Death Penalty

The defendant alleges that the FDPA's permissive stance on the admission of victim impact evidence during the penalty phase violates his Eighth Amendment right to be free from arbitrary and capricious punishments.[5]  The defendant recognizes, however, that Supreme Court precedent does not per se prohibit a jury from considering victim impact evidence. Payne v. Tennessee, 501 U.S. 808 (1991).  Indeed, precedent permits the prosecution to introduce evidence constituting a "quick glimpse" of the victim's life and

---

[5]The defendant also objects to victim impact evidence that he quotes as follows: "as evidenced by the victim's personal characteristics as an individual human being and the impact of the offense upon the victim's family and friends, the defendant caused injury, harm and loss to the victim and the victim's family and friends."  No such aggravating factor, however, is alleged in the notice of intent to seek the death penalty in this case.  Rather, the notice alleges that "the effect of the offense on the victim and the victim's family, including leaving the victim's two young sons motherless."

the impact of the victim's death on the victim's family.  Id.  Even
though the defendant's argument on this point is without merit,
this Court concurs with the recommendation of the magistrate judge
that the government submit a sufficiently detailed bill of
particulars regarding the victim impact evidence listed in the
notice to ensure that the defendant is sufficiently apprised of the
evidence against him.

## V.  Presentation of Victim Impact Evidence

In his objections to the magistrate judge's report and
recommendations, the defendant raises the issue of how any so-
called victim impact evidence, including testimony, should be
presented to the jury.  (See Def.'s Objections to Report and
Recommendation 45-46.)  The defendant has suggested several methods
by which this evidence, if offered, could be best presented.  This
Court will at this time defer any decision as to how such evidence
should be presented and will address this topic, among others, at
the pre-trial conference to be conducted on January 4, 2008 at 1:15
p.m.

## VI.  Conclusion

Because, after a de novo review, this Court concludes that the
magistrate judge's recommendation is proper and the defendant's
objections to the report and recommendation lack merit,  this Court
hereby AFFIRMS and ADOPTS the magistrate judge's report and
recommendation in its entirety.  Accordingly, defendant's motion to
declare the Federal Death Penalty Act unconstitutional, defendant's

motion to strike the "special findings" from the indictment, and defendant's motion to dismiss the notice of intent to seek the death penalty are DENIED. The government is DIRECTED to provide a sufficiently detailed bill of particulars regarding the facts underlying all of the aggravating factors listed in the notice of intent to seek the death penalty, statutory and nonstatutory, including the factor regarding victim impact. That bill of particulars shall be filed by the government on or before January 3, 2008. Finally, defendant's motion for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    December 26, 2007


                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE