IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


EUGENE J. TALIK,

       Petitioner,

v.                             Civil Action No. 5:09CV47
                           (Criminal Action No. 5:06CR51)
UNITED STATES OF AMERICA,           (STAMP)

       Respondent.


**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE AND**
**DENYING PETITIONER'S MOTION TO AMEND UNDER RULE 15**


I.  Background

The pro se[1] petitioner, Eugene J. Talik, entered a plea of
guilty to interstate violence resulting in death, in violation of
18 U.S.C. §§ 2261(a)(1) and (b)(1) on January 21, 2008.  The
petitioner entered his binding plea agreement in open court and
waived his right to an appeal and to collaterally attack his
sentence.  The plea agreement was summarized by the government in
open court.  Plea Tr. 7; Docket No. 179.  The record indicates that
the Court went over the waiver twice, specifically asking the
petitioner if he understood that he was giving up his post-
conviction relief and appellate rights by entering into the plea.
Id. at 15, 19.  The petitioner, under oath, both times indicated
that he understood by answering "yes."  Id.

---

[1]"Pro se" describes a person who represents himself in a court
proceedings without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

After the government presented the factual basis for the plea, the petitioner was asked if he had any additions or corrections to the government's version and he answered "no." Id. at 46. Upon further questioning by the Court, the petitioner stated that no one had attempted to force him to plead guilty and that he was doing so freely. Id. The petitioner also stated that the agreement was not induced by coercion or threat and there were no additional promises made to him not contained in the plea. Id. Finally, he stated that no one had attempted to predict his exact sentence, that his counsel had adequately represented him and that he did in fact commit the crime to which he was pleading guilty. Id. at 47-48.

Based on these assertions, the Court determined that the petitioner, a 39 year old college graduate, was competent to enter into the plea and that he was doing so freely and voluntarily. Id. at 48. The Court also noted that the petitioner understood the consequences of pleading guilty and that the elements of the crime were factually established. Id. The petitioner did not object to these findings.

On May 6, 2008, the Court sentenced the petitioner to a term of life in prison. Sentencing Tr. 107-108; Docket No. 213. In imposing this sentence, the Court considered several factors, including the degree of premeditation involved, the brutality of the offense, the efforts made to hide the crime, and the sentencing guideline interests of promoting respect for the law, providing

just punishment, and protecting the general public from further crimes by the petitioner. Id. at 107-108.

The petitioner instituted the present action by filing a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. In his habeas corpus petition, the petitioner raises multiple ineffective assistance of counsel issues for relief. The government was ordered to respond and after being granted an extension, filed its response, to which the petitioner filed a reply. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed because it is without merit.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed objections to the magistrate judge's report and recommendations. The petitioner also filed a motion to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure ("Rule") 15. The matter was again referred to Magistrate Judge

Seibert and he denied the motion to amend. The petitioner also objected to that order.

For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety. Additionally, this Court affirms the denial of the petitioner's motion to amend.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed multiple objections, this Court will undertake a _de novo_ review of the matters before it.

## III. Discussion

### A. Petitioner's § 2255 Motion

The petitioner's numerous claims for ineffective assistance of counsel are divided into three categories: (1) whether counsel failed to adequately investigate and prepare for trial; (2) whether counsel provided erroneous advice aimed to induce the petitioner to accept the plea agreement; and (3) whether counsel was ineffective during sentencing proceedings.

Based on a review of the record and the applicable law, Magistrate Judge Seibert entered a report and recommendation in which he recommended that the petitioner's § 2255 petition be denied and dismissed as to all of its claims. Because the petitioner objected to each of Magistrate Judge Seibert's findings, this Court will review the claims in their entirety.

During the plea colloquy, the petitioner waived his right to appeal his sentence or seek any post-conviction relief under 28 U.S.C. § 2255 subject to certain exceptions such as ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an immersible purpose. Plea Tr. 15. Waiver of both direct appeal and collateral attack rights is valid as long as it is knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). However, since a defendant cannot be said to have waived his right to appeal or attack his sentence if the proceedings following entry of the guilty plea are not conducted within the grounds of constitutional limitations, this Court must review the petitioner's claims as they relate to the post-plea proceedings. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1992). Additionally, this Court must also review the petitioner's ineffective assistance of counsel claims arising prior to the plea because they relate directly to the validity of the plea agreement. Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005).

A petitioner collaterally attacking his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel bears the burden of proving those grounds by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). In order to establish that counsel was ineffective, the two-pronged Strickland test requires the petitioner to show that his counsel's representation "fell below an objective standard of reasonableness" based upon "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984). Specifically, the petitioner must show that his counsel's performance was both "deficient" and that the performance "prejudiced the defense." Id. at 687. Performance will be deemed deficient if counsel made errors so serious that counsel was not functioning in the capacity guaranteed by the Sixth Amendment. Id. Further, performance will be deemed prejudiced if counsel's errors were so serious as to deprive the defendant of a fair trial. Id. The petitioner cannot prevail unless both prongs are shown. Id.

In one of his objections to Magistrate Judge Seibert's report and recommendation, the petitioner asserts that the magistrate judge applied the wrong standard as to the Strickland "prejudice prong." Specifically, the petitioner urges this Court to use the "prejudice prong" set forth in Hill v. Lockhart, 474 U.S. 52 (1985). In that decision, the Supreme Court expanded upon the scope of the Strickland prejudice test by holding that it applied to challenges to guilty pleas based on ineffective assistance of

counsel. <u>Id.</u> at 58. Specifically, the Court stated that when a guilty plea is being challenged, the petitioner must show a reasonable probability "that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59. Accordingly, the Supreme Court did not create a new test in <u>Hill</u>, but rather broadened the applicability of the existing <u>Strickland</u> test beyond ineffective assistance during sentencing to include plea challenges. Moreover, the magistrate judge properly applied both prongs of <u>Strickland</u> as modified by <u>Hill</u> in the report and recommendation.

This Court will now examine each of the issues raised in the petitioner's motion.

1. <u>Issue 1: Whether Counsel Failed to Investigate and/or Prepare for Trial</u>

The petitioner claims his counsel was ineffective for failing to adequately investigate and prepare for trial. Specifically, the petitioner asserts that his counsel (a) failed to investigate and interview prospective defense witnesses, potential corroborating witnesses, and prosecution witnesses, (b) failed to investigate, develop, or use available information that could have undermined the prosecution's case and (c) failed to investigate and develop a possible defense theory. It is not enough for the petitioner to merely show that counsel's errors were unreasonable, but rather he "must show that they had an adverse effect on the defense." <u>Hill</u>, 474 U.S. at 58 (citing <u>Strickland</u>, 466 U.S. at 693). Moreover, the

petitioner will be required to show by a preponderance of the evidence that counsel's failure to perform these acts prejudiced him in such a way that he would have otherwise elected to go to trial.  Hill, 474 U.S. at 59; see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).  Each of the petitioner's claims asserting counsel's failure to investigate and prepare for trial will be examined in this light.

    a.   Counsel Failed to Investigate and Interview Witnesses

In his brief, the petitioner alleges that his counsel was ineffective for failing to proffer testimony from a number of witnesses, who were known to counsel, for the purpose of undermining the credibility of John Deutsch, the key government witness in the case.  The petitioner states that a voicemail message left by John Deutsch on Theresa Deutsch's phone stating "you're next" could have been used to showcase Deutsch's lead role in the murder as well as his overall propensity for violence and unstable state of mind.  Additionally, the petitioner alleges John Deutsch's father, John Deutsch Sr. was contacted by Richie Hoko and Danielle Heckman shortly after Kelly Elliot's murder and informed by them that his son had "admitted and bragged" that he had committed the murder.

The petitioner does not show how his counsel's failure to pursue this alleged testimony undermines confidence in the outcome of the proceedings.  See Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 694).

Deutsch had already admitted his involvement in the murder and neither that, nor any of the alleged testimony of these witnesses negate the petitioner's guilt. The magistrate judge found that the petitioner was not prejudiced by his counsel's performance in this regard. This Court agrees, therefore the claim fails.

      b.   <u>Failure to Investigate, Develop, and Utilize Information</u>

The petitioner alleges that his counsel failed to investigate, develop and use information that would have undermined the prosecution's case. This assertion is based on the petitioner's belief that phone and email records made available to defense counsel but not used would have undermined the credibility of government witness Tammy Jo Brenzo's testimony. The standard used to evaluate this claim is not whether counsel's performance was "prudent or appropriate, but only what is constitutionally compelled." <u>United States v. Cronic</u>, 466 U.S. 648, 665 n.38 (1984). Moreover, this Court will not render judgment on counsel's "strategic decisions" during court proceedings as long as they appear to have been supported by "reasonable professional judgement." <u>Strickland</u>, 466 U.S. at 690-691.

The thrust of the petitioner's argument as to this claim is that his counsel was deficient in failing to impeach Brenzo's testimony. The record, however, indicates that defense counsel aggressively questioned Brenzo while she was on the stand during the sentencing hearing. To this end, counsel was even able to solicit an admission that her accusations were made nearly five

years after the alleged threat, thus damaging her credibility. Sentencing Tr. 22-23. The magistrate judge determined that petitioner made no showing of how counsel's failure to do more than this with respect to Brenzo was indicative of deficient performance, nor has the petitioner shown how counsel's performance in this regard adversely effected the outcome of the case. Accordingly, this Court agrees upon <u>de novo</u> review with the magistrate judge's assessment and this claim must fail.

      c.   <u>Failure to Investigate and Develop a Defense Theory</u>

Although he pleaded guilty under oath to the murder of Kelly Elliot, the petitioner now alleges that he did not become involved in the murder until after it occurred. In his brief, he claims that he only became involved to protect his friend, John Deutsch. The petitioner further asserts that his counsel was ineffective for failing to investigate these facts and develop a defense theory in accord with them.

The magistrate judge found this claim unpersuasive. This Court agrees. The petitioner neither identifies the additional evidence that counsel would have uncovered through an investigation of his version of the facts, nor does the petitioner identify what his proposed defense would have been. Therefore, counsel's performance cannot be deemed prejudicial in terms of effecting the outcome if the petitioner fails to show of what evidence the proposed defense theory would have consisted. Accordingly, this claim fails.

2.   Issue 2: Whether Counsel Provided Erroneous Advice to
Induce Acceptance of the Plea Agreement

The petitioner claims his counsel was ineffective for inducing
him to accept the plea agreement against his will.  Specifically,
the petitioner alleges that his counsel (a) coerced petitioner to
plead guilty by threatening him with additional charges, (b)
threatened petitioner with the imposition of the death penalty if
he did not plead guilty, (c) coerced petitioner's plea through a
"late night, last minute" offer, (d) provided improper advice as to
the sentence that would be imposed and (e) was unprepared for
trial.  This Court will discuss in turn each of these claims.

a.    Counsel Coerced Petitioner to Plead Guilty by Threatening
      Additional Charges

The petitioner alleges that his counsel coerced him into
accepting the plea agreement by informing him that even if he went
to trial and won, he would then be prosecuted by Pennsylvania, West
Virginia and the United States for drug charges, murder, and murder
for hire.

The test for coercion is whether the plea agreement was
entered into voluntarily and intelligently.  See Lemaster, 403 F.3d
at 220; Brady v. United States, 397 U.S. 742, 748 (1970).  In this
case, the magistrate judge found that the petitioner was not
coerced into pleading guilty and this Court agrees.

At the plea hearing, the petitioner underwent a thorough
colloquy where the Court determined that he was competent to enter

a plea of guilty. Petitioner was asked if he understood the consequences of pleading guilty and he answered in the affirmative. Plea Tr. 19-20. Petitioner was also asked if his guilty plea was the "result of any threat of coercion or harassment of you by anyone at any time." Id. at 46. Petitioner denied that he had been threatened, coerced or harassed. Id. Based upon these and other satisfactory responses given by petitioner under oath, the Court determined that the petitioner's plea was made freely and voluntarily, with the petitioner fully aware of the consequences. Id. At 46.

The petitioner offers no concrete evidence of his being coerced by counsel. On the contrary, the facts point towards the petitioner's knowing and voluntary entrance into the plea agreement, under oath and in open court, which constructs a barrier to relief in this subsequent collateral attack. See United States v. Reid, 2010 U.S. App. LEXIS 13751 (4th Cir. 2010) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). For this reason, petitioner's claim must fail.

     b.   Counsel Threatened the Petitioner with the Imposition of the Death Penalty if Petitioner did not Plead Guilty

The petitioner asserts that his counsel acted coercively by suggesting the likely imposition of the death penalty should he reject the plea agreement. The magistrate judge ruled that counsel's actions did not render the plea involuntary. This Court agrees.

Regardless of whether the petitioner offered any evidence for this claim, which he does not, it still would not render the plea agreement involuntary. "A guilty plea entered to escape the death penalty is not in itself involuntary," even when the prosecutor is the lawyer threatening imposition of death. <u>Jackson v. Cox</u>, 435 F.2d 1089, 1093-1094 (4th Cir. 1970) (citing <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970)). Even if counsel suggested that entering into the plea agreement would allow the petitioner to avoid the death penalty, this conduct is not unreasonable given the circumstances. As a result, this claim must fail.

     c.    <u>Counsel Coerced Petitioner's Plea in a Late Night, Last Minute Offer</u>

The petitioner alleges that his plea was coerced because counsel instructed him to accept the plea on a Friday night when trial was scheduled to begin the following Tuesday morning. As the Fourth Circuit has explained, counsel's duty to provide appropriate assistance during the plea process requires counsel to "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." <u>Jones v. United States</u>, 2008 U.S. Dist. LEXIS 24908 at *7 (D. Md. Mar. 28, 2008) (citing <u>Jones v. Murray</u>, 947 F.2d 1106, 1110-1111 (4th Cir. 1991)).

Based on this standard, the magistrate judge found petitioner's claim to be without merit and lacking support in the

record.  This Court agrees.  Although petitioner alleges that he signed the plea agreement "against his wishes at the time," he nonetheless signed it and does not allege that it was entered into without his ultimate approval.  Further, the record indicates that the plea agreement eventually signed by the petitioner was being negotiated as early as November 30, 2007.  Docket No. 128.  This is well over a month before the petitioner actually signed the agreement.  Therefore, the evidence does not support the notion that the agreement was thrust upon petitioner during a late night, last minute conference with his counsel before trial.  Once again, the weight of the record illustrates the failure of this claim because the petitioner has not shown that his plea was involuntary.

     d.    <u>Counsel Provided Improper Advice as to the Sentence to be Imposed</u>

The petitioner alleges that his counsel was ineffective for failing to properly advise him of the sentence he would receive.  Specifically, petitioner alleges that counsel assured him that despite the language of the plea agreement which open the possibility of a term of life in prison, petitioner would receive a sentence of 33 years, the low end option.  The magistrate judge was unpersuaded by this argument, even assuming petitioner's representations could be proven.

It is well established that the "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance

of counsel." Hughes v. United States, 2007 WL 841940, at *4 (W.D.N.C. Mar. 19, 2007) (citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)) (internal quotations omitted). The Fourth Circuit has stated that

> the sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

McLachlan v. United States, 2008 U.S. Dist. LEXIS 66239 (N.D. W. Va. 2008).

Counsel in this case, by providing the information that he did, made no error so serious that he failed to function as effective counsel under the Sixth Amendment, or prejudiced the petitioner. Further, the petitioner was made aware during his plea hearing, before entering his guilty plea, that the maximum sentence he may be subject to was life in prison and that no person, including the Court, could accurately predict his sentence at that time. Plea Tr. 17-19. Accordingly, this claim must fail.

e. Counsel was Unprepared for Trial

Petitioner's final claim with regard to his counsel's ineffectiveness during the plea process alleges that counsel had "no intention of going to trial" and accordingly opted not to develop a defense strategy in favor of attempting to mitigate the petitioner's eventual sentence. Petitioner further alleges that

counsel was disinterested in jury selection and refused to object to the Court's handling of that process. The magistrate judge ruled that petitioner failed to meet the <u>Strickland</u> burden of showing that he was prejudiced by his counsel's performance. This Court agrees and adopts the magistrate judge's ruling.

The record is unequivocal with regard to counsel's level of preparedness and activity in defense of the petitioner. Defense counsel's preparation was ongoing for months, during which they filed, and prevailed upon, numerous motions in limine and participated in frequent pretrial hearings, many of which involved complex trial and jury issues. Specific to the jury selection process, counsel entered countless objections for cause and were heavily involved in a process that arrived at 64 potential jurors from an initial pool of 220. To this end, counsel participated in four days of <u>voir dire</u>, right up until the day that the petitioner signed the plea agreement. And in terms of trial preparedness, counsel filed numerous witness and exhibit lists. If counsel truly had no intention of going to trial, as petitioner asserts, there would have been no reason to engage in these lengthy and complex pretrial activities. All of these facts indicate that counsel provided qualified and effective assistance to the petitioner in preparation for trial.

It was the petitioner who had the final say as to whether to proceed to trial. He chose to enter into a plea agreement and has failed to show that he was prejudiced by counsel and left with no

choice but to do so.  The record speaks to the effectiveness of counsel's performance and petitioner's claim must fail.

3.  <u>Issue 3: Whether Counsel was Ineffective at Sentencing</u>

The petitioner asserts that his counsel was ineffective at his sentencing hearing.  Specifically, petitioner claims that counsel (a) made no effort to contradict the government's version of the facts, (b) did not attempt to discredit government witnesses, (c) failed to present mitigating evidence and (d) made an ineffective and inappropriate closing argument.  This Court will review each of these claims in turn.

a.  <u>Counsel Made no Effort to Contradict the Government's Version of the Facts</u>

The petitioner asserts that counsel's performance was ineffective during sentencing proceedings because counsel was too accepting of the government's characterization of the facts.  The magistrate judge found this claim to be without merit and this Court agrees.

When evaluating counsel's performance during sentencing, the standard <u>Strickland</u> test applies and the petitioner must show that his counsel's performance was both "deficient" and that the performance "prejudiced the defense" by falling "below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 687, 688. Here, the petitioner fails to offer evidence in support of either prong of the <u>Strickland</u> test.

As the government points out in their response to the petitioner's motion, counsel was not ineffective for declining to dispute the government's characterization of the facts because the petitioner pleaded guilty based on the government's version and he declined to modify these facts at the plea hearing. Plea Tr. 46. Again, when the Court asked the petitioner whether he was in fact guilty of the crimes charged, he stated that he "did do it." Id. at 47-48. The petitioner chose not to avail himself of the opportunity to contest the government's facts when that opportunity was presented during the plea hearing. The sentencing hearing was not the appropriate forum for such a challenge and counsel was not ineffective for accepting the government's version of the facts at that time. Therefore, counsel's performance was neither deficient nor was it prejudicial to the defense. Accordingly, this claim fails.

      b.    <u>Counsel was Ineffective at Sentencing for Not Attempting to Discredit Government Witnesses</u>

The petitioner alleges that the his counsel was ineffective for not attempting to discredit witnesses Tammy Jo Brenzo and John Deutsch at sentencing. The magistrate judge found this claim to be conclusory and without merit and this Court agrees.

The record highlights defense counsel's efforts at sentencing to impeach the testimony of both Brenzo and Deutsch through cross-examination. Sentencing Tr. 22-23, 52-56. Damaging testimony was solicited by counsel from both government witnesses. Counsel

18

called into question Brenzo's credibility and highlighted inconsistencies in Deutsch's testimony. The petitioner has failed to show any way in which he was prejudiced by his counsel's conduct during this phase of the sentencing hearing. Accordingly, this claim fails.

c. <u>Counsel was Ineffective at Sentencing in Failing to Present Mitigating Evidence</u>

The petitioner claims that his counsel was ineffective during the sentencing phase for failing to provide evidence in mitigation of his sentence. The magistrate judge was unpersuaded by the petitioner's claim and this Court agrees.

Again, the petitioner must show that counsel made an error so serious that they failed to function as counsel under the Sixth Amendment. This showing must satisfy the two prongs of the <u>Strickland</u> test. Petitioner's claim that counsel failed to present mitigating evidence is conclusory and does not speak to a serious error on the part of his counsel. In reality, defense counsel submitted numerous pieces of evidence in favor of mitigation. This evidence included video testimony and letter from the petitioner's family regarding his history and character. All of this evidence was viewed by this Court in conjunction with sentencing. Therefore, defense counsel did provide evidence in an effort to mitigate the petitioner's sentence and this claim must accordingly fail.

d. Counsel was Ineffective in Giving a Substandard Closing Argument which was Irrelevant and Self-Serving

The petitioner asserts that he received ineffective assistance from counsel at sentencing because his counsel's closing statement was substandard.

This Court does not concern itself with the specific trial tactics utilized by practicing attorneys. Rather, the only consideration is whether counsel performed reasonably and was not deficient or prejudicial. In reviewing claims for ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

In support of his claim, petitioner cites Patrasso v. Nelson, 121 F.3d 297 (7th Cir. 1997). That case, however, can be distinguished from the present one. In Patrasso, counsel declared that he had "nothing" to offer in mitigation of the sentence. Id. at 304. Here, petitioner's counsel eloquently asked the Court for leniency in sentencing and cited the petitioner's favorable family history and non-violent tendencies despite his alcoholism. Although the petitioner may have found counsel's references to classical theater and petitioner's alcoholism distasteful, they amount to competent performance that was neither deficient nor prejudicial. Accordingly, this claim must fail.

4. Requests for Discovery, to Stay Proceedings, and for Appointment of Counsel

The petitioner has asked the Court to grant him leave to invoke the process of discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. Under this rule, a prisoner may engage in discovery only if the Court grants him leave to do so for good cause shown. Discovery may be warranted where the petitioner has made allegations that give the Court reason to believe that the petitioner may be entitled to relief. See McMillion v. United States, 2009 U.S. Dist. LEXIS 72588 (S.D. W. Va. July 2, 2009) (citing United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004)). In other words, the petitioner must establish a prima facie case for relief in order for discovery to be allowed. Here, the petitioner failed to show good cause and therefore his request for discovery must be denied.

Moreover, a petitioner does not have a Constitutional right to counsel in a collateral attack post-conviction proceeding. See Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003). Counsel is only required in a § 2255 proceeding when discovery is allowed and an evidentiary hearing is required. Since no discovery is warranted in this case, this Court will deny petitioner's request for appointment of counsel.

B. Petitioner's Rule 15 Motion to Amend

The petitioner filed a motion to amend his § 2255 motion, alleging two more claims in addition to those already asserted.

First, petitioner alleges that his counsel was ineffective in failing to object to the life sentence and because counsel advised petitioner that he would not receive a life sentence, but rather a sentence within the 324 to 405 month range.  Petitioner also contends that the government breached the terms of the plea agreement by moving for an upward variance from the 324 to 405 month guideline range.

Federal Rule of Civil Procedure ("Rule") 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984).

Here, this Court must deny the petitioner's Rule 15 motion to amend as futile because petitioner's allegations are without merit. The plea agreement itself indicates that the parties were in agreement that the petitioner could be sentenced to a term greater than 405 months and up to life in prison. Plea Agreement 11; Docket No. 218. Also, the petitioner was informed in the plea agreement and during the plea hearing that the government would be seeking a life sentence. Plea Tr. 7, 9. The petitioner cannot premise a claim of ineffective assistance by alleging that his counsel failed to oppose the terms of a plea agreement that petitioner himself signed. Likewise, the petitioner cannot maintain a claim against the government for breaching the plea agreement when they have not done so.

Because the petitioner's claims lack merit, this Court finds that allowing the petitioner to amend would be futile. Accordingly, the petitioner's Rule 15 amendment is denied.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Additionally, the magistrate judge's decision to deny the petitioner's motion to amend is AFFIRMED. Accordingly, for the reasons set forth above, the petitioner's § 2255 motion is DENIED. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty (60) days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    August 17, 2010


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE